**David Scott McDONALD, Plaintiff,**

v.

**John William CLUBB and D.C. Filter and Chemical, an Ohio Corporation, Defendants.**

**No. C–C–89–474–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 27, 1992.

---

Allen A. Bailey, Bailey Patterson Caddell & Bailey, P.A., Charlotte, N.C., for plaintiff.

Raymond E. Owens, Jr., Kennedy Covington Lobdell & Hickman, Charlotte, N.C., John M. Alexander, Cleveland, Ohio, and Ned A. Stiles, Golding, Meekins, Holden, Cosper & Stiles, Charlotte, N.C., for defendants.

## ORDER

McMILLAN, District Judge.

On June 18, 1992, the plaintiffs filed a motion to compel the defendants to produce photographs of plaintiff David Scott McDonald's vehicle. These photographs were taken by representatives of the defendants after the automobile accident which is the subject of this suit.

On June 23, 1992, the plaintiffs filed a motion to compel the defendants to produce the statement or statements of Carol Jenkins which were taken by representatives of the defendants shortly after the accident.

*Plaintiffs' Motion to Compel Photographs*

█ Defendants have objected to the motion to compel on the ground that the photographs were taken in anticipation of litigation.

The collision occurred on June 29, 1988.

The plaintiffs were unable to secure photographs of the automobile on their own because plaintiff David Scott McDonald was immediately transported from the scene to Piedmont Medical Center, was flown by helicopter to Charlotte Memorial Hospital, was placed in intensive care, and was hospitalized until July 18, 1988, when he was transferred to the Charlotte Institute of Rehabilitation. He remained hospitalized there until October 14, 1988.

Plaintiff David McDonald's wife, Shan McDonald, spent this period with her husband in Charlotte Memorial and in the Charlotte Institute of Rehabilitation, and did not have an opportunity to obtain photographs of plaintiff David McDonald's vehicle.

The defendants' insurance carrier paid for the property damage of the totalled automobile, and the car is no longer available to obtain photographs of the damage.

Plaintiff David McDonald's severe closed head injury caused post-traumatic amnesia and he is unable to describe the actual damage to the automobile.

Under Fourth Circuit law, defense counsel is required to produce information obtained by a defendant, or its representative, shortly after an automobile accident in which the plaintiff suffered severe head injuries. *McDougall v. Dunn,* 468 F.2d 468, 474 (4th Cir.1972).

The court will grant plaintiffs' motion to compel production of the photographs.

*Plaintiffs' Motion to Compel Statement of Carol Jenkins*

█ The plaintiffs served the defense attorneys with a Request for Production of Documents which directed the defendants to produce all statements from any persons concerning the occurrence of the accident.

The defendants objected to this request on the ground that the statements were taken in anticipation of litigation.

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs whether the production of these statements should be ordered. The party seeking the discovery must show substantial need of the materials in preparation of his case, and that he is unable, without undue hardship, to obtain the substantial equivalent by other means.

Carol Jenkins was present at the scene at the time of the accident. Representatives of the defendants took written or transcribed statements from Ms. Jenkins shortly after the accident.

Plaintiffs did not begin litigation until 18 months after the accident.

Plaintiff David McDonald was unable to procure these statements from Ms. Jenkins shortly after the accident because he was hospitalized for approximately eight months.

As a result of his injuries, plaintiff David McDonald suffered a closed head injury, and he now has cognitive deficits in the areas of reasoning, memory and recall.

The Fourth Circuit's ruling in *McDougall, supra,* also provides the basis for compelling the defendants to produce the statements of witness Carol Jenkins.

> Statements of either the parties or witnesses, taken immediately after the accident and involving a material issue in an action arising out of that accident, constitute 'unique catalysts in the search for truth' in the judicial process; and where the party seeking their discovery was disabled from making his own investigation at the time, there is sufficient showing under the amended Rule to warrant discovery.

*McDougall,* 468 F.2d at 474 (citations omitted). The court held that "[t]he reason for such result was stated by this court in *New York Central Railroad Company v. Carr* [251 F.2d 433 (4th Cir.1957) ] (citation omitted), where it was observed that ' * * * the lapse of many months and the dimming of memory provides much reason for counsel to examine any substantially contemporaneous declarations or admissions.' " *Id.* (ellipsis in original).

The circumstances in *McDougall* are similar to those here. The plaintiff himself was unable to reconstruct the events leading up to the accident or to secure contemporaneous statements from other witnesses. It was almost a year before he was discharged from the hospital, and he had a loss of memory. Over two years passed before McDougall obtained counsel.

In the present case, the plaintiff was taken immediately from the scene of the accident to Charlotte Memorial Hospital. He was hospitalized for over eight months. He did not obtain counsel until eighteen months after the accident took place. He suffered head injuries which resulted in his loss of memory concerning the accident.

Representatives of the defendants took statements from witness Carol Jenkins soon after the accident occurred, and therefore had use of these statements when the suit was filed.

As in *McDougall,* the plaintiffs would be severely prejudiced if they were *not* allowed access to these statements, and they have no way of obtaining the information in another form.

IT IS THEREFORE ORDERED:

1) That the defendants SHALL produce to plaintiffs' counsel within ten days from the filing of this order, the photographs of plaintiff David McDonald's vehicle taken after the accident; and

2) That the defendants SHALL produce to plaintiffs' counsel within ten days from the filing of this order, the statement or statements of Carol Jenkins taken shortly after the accident.